## WILLIAM S. BARBEE

### *v.*

## WILLIAM MORRIS *et al.*

### *Opinion filed April 17, 1906.*

1. PAYMENT—*equity may apply general payment on unsecured portion of debt.* Where a general payment made upon a building contract is not applied by the parties upon any specific part of the account, a court of equity may credit the payment upon the contract so as to include an item for extra work for which the creditor would not, under the contract, be entitled to a mechanic's lien, and thus give him the security of his mechanic's lien upon the amount remaining unpaid.

2. APPEALS AND ERRORS—*when chancellor's mistaken opinion as to the law will not reverse.* If a decree is right it cannot be reversed because of mistaken opinion as to the law upon the part of the chancellor.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

W. S. BARBEE, *pro se.*

McARDLE & McARDLE, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees, John S. Findlay, William H. Morris and William Morris, filed their intervening petition in a suit brought to enforce a mechanic's lien against the property of appellant, William S. Barbee, in the circuit court of Cook county, and claimed a lien for the amount of a final certificate given by the architect to said John S. Findlay and assigned by him to said William H. Morris and William Morris. On a hearing the court entered a decree for the amount of said certificate, with interest and solicitor's fees. Appellant took the

case to the Appellate Court for the First District by appeal, and the branch of that court affirmed the decree.

Appellant's complaint is, that the chancellor refused to permit him to prove that the orders and contracts for a portion of the work for which a lien was claimed were verbal and specified no time for the performance of the work or payment, and that no lien was created thereby. Appellees say that the record does not show any attempt on the part of appellant to make any such proof. The abstract of the record shows that while appellant was cross-examining the appellee Findlay as to the orders for extra work, he was interrupted by the chancellor, who expressed the opinion that appellant was estopped by the final certificate of the architect from proving that the contract was of such a character as to create no lien, and could not prove that work was done on verbal orders which did not specify the time for the completion of the contract or for payment, and therefore furnished no basis for a lien under the statute. The chancellor would not permit the proof to be made, and the views expressed were erroneous; but if the decree was right, it can not be reversed on account of mistaken opinions as to the law on the part of the chancellor.

The original contract of appellant with the appellee Findlay was in writing, and fixed the time for the performance of the work and the time for payment, and was sufficient to create a lien upon the building and property for work done and materials furnished under it. In the course of the construction of the building, orders were given for extra work, and payments were made by appellant to Findlay from time to time on certificates given by the architect. The last certificate before the final one, on which the claim for a lien was based, was issued September 30, 1902, for $1000. There was at that time a balance of $563 due for extra work, and it may be conceded that the contracts for such extra work did not create a lien. The amount of that certificate was paid, and the payment was not applied by either appellant or Find-

lay upon any specific part of the account. It was a general payment on the amount due from appellant, and in such a case a court of equity will credit the payment according to its own view of the intrinsic justice and equity of the case, so as to give the creditor the best security for the debt remaining unpaid. (*Monson* v. *Meyer,* 190 Ill. 105.) So applied, that payment extinguished that part of the indebtedness for which there was no lien and left a balance to be applied on that part of the claim for which there was a lien. If appellant had been allowed to prove that there was no lien for the extra work the decree would have been the same, and appellant was not harmed by the views or ruling of the chancellor.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*