Alexander Lumber Company, Appellee, v. Frank E. Kellerman et al. Eli Metcoff, Intervening Petitioner, Appellant.

Gen. No. 8,665.

572

Opinion filed September 20, 1933.  Rehearing denied October 11, 1933.

HAROLD V. SNYDER, for appellant.

HADLEY, WEAVER & WOODWARD, for appellee; CHARLES W. HADLEY, PALMER LEREN and WILLIAM C. ATTEN, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

The appellee, on September 20, 1930, filed its bill pursuant to the Liens Act (Cahill's Ill. Rev. St. ch. 82), to foreclose its lien against certain premises, which had belonged to Frank E. Kellerman and wife.  On or about April 14, 1928, Frank E. Kellerman and wife mortgaged the said premises for the sum of $5,000, making the Chicago Title & Trust Company trustee in the trust deed given to secure the payment of said loan.  The note was made payable to bearer.  Appellee on the 18th day of April, 1928, entered into a contract with Kellerman and wife to furnish lumber and building material for the building of a residence upon the said premises.  Following the performance of this agreement by appellee, it filed its statement of claim for lien, pursuant to the statute, on February 15, 1929. The above suit to foreclose lien by appellee, filed on September 20, 1930, resulted.  Kellerman and wife in

the meantime sold the premises to Roy E. Parson and Anona C. Parson, who had full knowledge of the rights of appellee. Appellee made Kellerman and wife, Chicago Title & Trust Company, the Parsons and many other persons defendants, including the unknown holders and owners of the above note dated April 14, 1928, secured by the trust deed from Kellerman and wife to the Chicago Title & Trust Company, and the unknown owners.

Appellant, Eli. Metcoff, before the taking of testimony in this case, and on August 14, 1931, secured leave of court to be made a party defendant and to file his intervening petition to the bill of complaint. In his petition he sets up that he was then the owner of the $5,000 note, given by Kellerman and wife, payable to bearer, which had been secured by the trust deed to the Chicago Title & Trust Company, and the interest notes therewith attached. It appears from appellant's testimony that he became the owner of the note and four interest coupons, in the first part of July, 1931; and that he purchased them from the Reliance State Bank & Trust Company.

The cause was referred to a master, who heard the testimony and found that the sum of $2,325.61 was due appellee; and that the fair cash market value of the premises had been enhanced by the lumber and building material furnished by appellee, in a sum of not less than $3,000; and that appellee was entitled to receive the said sum of $2,325.61, with interest. The master further found that a credit item of $1,000 as shown by the statement of claim for lien as previously made by appellee was erroneously entered and was never in fact paid to the appellee, and that no one had been prejudiced by such error and that the statement of claim for material furnished as made by the appellee was correct and sufficient to continue in full force and effect its lien for the full amount allowed

by the master. The master found that the claim of the intervening petitioner, Eli Metcoff, appellant herein, was superior and paramount to the claim of appellee. Appellee filed its objections to the report of the master, which were overruled by the master and stood as exceptions in the trial court. The chancellor sustained the exceptions of appellee and by the decree herein, found that appellee's claim was superior to that of appellant; and the appellant now prosecutes this appeal.

As previously stated, appellee filed its bill of complaint to foreclose on September 20, 1930. The parties defendant are numerous, and among others were the unknown holders and owners of the note which appellant now owns. The summons issued upon the filing of the bill and before the filing of an affidavit of unknown owners and of nonresidence. Service was had on the named defendants. On December 3, 1930, appellee filed an affidavit as to unknown holders and owners of the note herein involved, who were made parties defendant, and all other unknown owners, and an affidavit of nonresidence. Publication was thereafter had for service upon such parties defendant, in the manner provided by statute, the first publication thereof being had on December 5, 1930.

The cause was heard at the October term, 1932, of the circuit court of Du Page county. Appellant urges that the failure of appellee to file an affidavit of unknown owners and of nonresidence prior to the filing of its bill of complaint, is jurisdictional, and fatal to appellee's rights as against appellant. It could only have been jurisdictional as to the person of appellant. Where the court has jurisdiction of the subject matter, jurisdiction of the person may be conferred. *Rabbitt v. Weber & Co.,* 297 Ill. 491; *People ex rel. Baumgarten v. Krueger,* 253 Ill. App. 372. Appellant filed his petition with the court to be made a party defendant to the

proceedings and for leave to file his intervening petition, which leave was granted him. He thereupon filed his intervening petition setting up that he was the owner of the Kellerman note as aforesaid, and entered his general appearance in said cause for all purposes and engaged in a full hearing of the bill of complaint upon the merits. He did not at that time raise any question as to jurisdiction. In entering his general appearance and going to a full hearing upon the merits of the cause, he is precluded from now urging lack of jurisdiction because of any alleged defect in the obtaining of service upon him.

Appellant urges that an affidavit of unknown owners and an affidavit of nonresidence are both necessary under the statute. We concur in this. Appellee filed both affidavits, and they were exhaustive and much in detail. Appellant having voluntarily entered his general appearance in the court below, and proceeded to a full hearing of the bill upon the merits, submitted himself to the jurisdiction of the court, and cannot now be heard to complain.

The evidence shows that appellant became the holder and owner of his interest in this property some eight or nine months after suit was brought and while this action was pending. By purchasing *pendente lite,* he makes himself a party to the suit. *Weber v. Kemper,* 320 Ill. 11, 19, 20. Paragraph 12 of Cahill's St. ch. 82 (Smith-Hurd Rev. St. 1929) provides that the rule of practice and proceeding shall be the same as in chancery, except where otherwise provided. Section 1 of the Chancery Act, Cahill's St. ch. 22, ¶ 57 (Smith-Hurd Rev. St. 1929) provides among other things, that every suit in equity affecting or involving real property shall from the time of the filing of the bill of complaint be constructive notice to every person subsequently acquiring an interest or lien in the property affected, and the complainant is given a period of six months after

the filing of the bill to cause notice to be given the defendants, either by service of summons or by publication, and that during such period, the pendency of such action shall be constructive notice upon all persons who have acquired an interest or lien in the property affected, subsequently to the filing of the bill. Appellee completed its service upon all defendants soon after the filing of its bill of complaint, and prior to the expiration of six months. It would appear that by virtue of section 1 of the Chancery Act, Cahill's St. ch. 22, ¶ 57, the filing of appellee's bill of complaint was constructive notice to all persons thereafter acquiring an interest in the premises involved.

Appellee, in its bill to foreclose, claimed a total due of $2,674.64, including interest, and set out a credit of $75.88, claiming a balance due of $2,598.76. Appellee's exhibit ''A'' contained an itemized list of all the materials furnished, with the kind, price, quantity and dates of delivery, showing the total of such materials to be $2,674.64, as aforesaid. The statement for claim for lien as originally filed by appellee contained an erroneous credit entry of $1,000, which the undisputed evidence showed to have been an erroneous credit, and the master and trial court so found. The evidence shows that this credit was a clerical error and should not have been given Kellerman. Appellant urges reversal because of this credit. The itemized list as attached to the claim for lien was correct, and it was found that the same was sufficient to continue in full force and effect the lien of appellee for the full amount claimed; that the contractual relation of none of the parties had changed since the filing of the statement of lien and that no one had been prejudiced because of said error. Section 7 of the Liens Act, Cahill's St. ch. 82, ¶ 7 (ch. 82, Smith-Hurd Rev. St. 1929) makes provision that no lien shall be defeated as to the proper amount because of an error or overcharge on the part

of any person claiming a lien, unless it appear that such error or overcharge is made with intent to defraud. There was nothing about this item to prejudice or affect appellant's rights in any way. It was admitted to be a clerical error in the said statement of claim for lien, and is not sufficient to defeat the lien when the items as given in the statement were correct. *Velde v. Schrock*, 253 Ill. App. 274.

The court in its decree found that there was due appellee the total sum of $2,737.51, and interest at five per cent from May 5, 1932, the date of the master's report; and that there was due to appellant the sum of $5,853.75 with interest at five per cent from the above date. No finding was made of the value of the premises prior to the improvements being placed thereon, nor of the value of the premises after the improvements had been placed thereon. The decree provides for payment to appellee and to appellant within three days, and that in default thereof, the premises be sold, and that from the sale of the premises the appellee shall first be paid in full, before the appellant shall receive anything. This is in direct contravention of the provisions of sections 16 and 19 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶¶ 16 and 19 (Smith-Hurd Rev. St. ch. 82, 1929). It was error to decree that the appellee should be paid the entire sum due it, without recognition of the claim of the appellant under his rights as the holder of a prior incumbrance upon the property. The rights of appellant were prior to those of appellee as to the value of the premises before the improvements were placed thereon. From the state of the record it is impossible to determine the value of the premises prior to the improvements, or the value of the premises after the improvements. The only finding made was that the value of the improvements exceeded the sum of $3,000. This is not sufficient. As between a prior mortgage holder and a

mechanic's lien claimant, under the statute, the former is entitled to satisfaction out of the land, and the latter out of the building. On a sale of the entire premises under a proceeding to enforce a mechanic's lien, the proceeds of the sale represent and stand in the place of the land and the building, and the parties have the same proportionate share in the proceeds that they had in the property before it was sold. *Bradley v. Simpson,* 93 Ill. 93; *Albrecht v. Buelow,* 191 Ill. App. 481; *Fair Play Development Organization v. Sarmach,* 263 Ill. App. 593.

There is no way of ascertaining before the sale of the premises if the proceeds therefrom will be sufficient to pay both appellant and appellee. Where land is sold under a decree for mechanic's lien, upon which there is a prior incumbrance by mortgage, and the proceeds of the sale are not sufficient to pay both claims as found by the decree, they will be apportioned, and the mortgagee will take such a share of the proceeds of the sale as the value of the property, before the improvements were put upon it, bears to the total value of the property after the improvements were made. The court erred in decreeing that appellee should be first paid in full. Appellant's rights were superior to appellee's in the land itself, and he is entitled to his protection thereof.

For the reasons stated, the decree of the circuit court is reversed and remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*