John R. Miller, d/b/a Miller Electric Company, Plaintiff-Appellee, *v.* Guy D. Reed, Defendant-Appellant—(Tommy Payne, Jr., Defendant-Appellee.)

(No. 72-96; ▮

Fifth District—September 13, 1973.

Robert S. Hill, of Benton, for appellant.

Richard O. Hart, of Hart and Hart, of Benton, for appellee John R. Miller.

Elmer Jenkins and Jeff Trout, both of Benton, for appellee Tommy Payne.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Reed appeals from a decree awarding plaintiff Miller a mechanics' lien against co-defendants Reed and Payne and from a decree awarding counterplaintiff Payne a judgment against counterdefendant Reed.

Plaintiff-contractor Miller (hereafter called "contractor") entered into an oral contract with defendant Payne (hereafter called "tenant"), although not actually a tenant but rather a person in possession of premises under an arrangement with the owner to do certain electrical work on defendant-owner (hereafter called "owner") Reed's premises. Tenant and owner agreed to lease certain property for the operation of a restaurant and tavern after certain improvements were made. No written lease was entered into, and no period of time for the lease was agreed upon, but rent was agreed to be $175 per month. Owner pro-

vided the work which he had agreed to do, and gave tenant keys to the premises so that tenant could do the work he had agreed to do. Tenant orally contracted with contractor to do the electrical work. Contractor performed some of the work with owner's knowledge and approval. Contractor performed general work until he felt he could go no further without more specifications as to the particular equipment that would be installed. After several more months had passed, owner leased the premises to another person for $250 per month. Contractor brought an action against both tenant and owner. The circuit court filed a memorandum opinion finding that the contract was not permitted to be completed "due to the delay and dilatory action of the co-defendants and each of them" and that "defendant Payne's delay was compounded by action of defendant Reed in obtaining another lease without notice, preventing the plaintiff Miller from completing the contract." The court awarded a mechanics' lien in favor of the contractor in the amount of $1738.96, representing the value of the approximately 50% of the agreed work which had been completed, and awarded a judgment to counterplaintiff-tenant in the amount of $869.48 based on the enhanced value of the owner's premises in the event the tenant subsequently be required to pay for the total cost of the improvements.

Owner first contends that the tenant did not have such an interest in the property as would give rise to a mechanics' lien. The applicable statute is section 1 of the Mechanics' Lien Act (Ill. Rev. Stat. 1971, ch. 82, par. 1):

> "Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or *knowingly permitted* to contract for the improvement of, * * * shall be known under the Act as a contractor, and shall have a lien upon the whole of such lot or tract of land * * * for the amount due to him for such material, fixtures, apparatus, machinery, services or labor, and interest from the date the same is due. * * *" (Emphasis added.)

■■ The object and purpose of the Mechanics' Lien Act is to protect those who in good faith furnish material or labor for the construction of buildings. While the statute must be strictly construed with respect to all matters on which the lien depends, the courts have held that after the lien claimant has complied strictly with the statutory requirements to establish a lien, then the court should give the statute a liberal construction so that justice will be done between the parties. The suit is one in equity and equity principles apply. *Gunther v. O'Brien* (2d Dist. 1937), 293 Ill.App. 28, 12 N.E.2d 23.

■■ Owner claims that tenant Payne lacked a sufficient interest in the property to contract for a mechanics' lien because he was in possession of the premises in the capacity of a tenant at sufferance, citing *Proctor v. Tows* (1885), 115 Ill. 138. In *Proctor* the occupant of the defendant's land built a house upon the defendant's land and the contractor brought suit against the occupant of the premises contending that he was entitled to a mechanics' lien upon the property. Our Supreme Court held that since the tenant was a mere tenant at sufferance, no mechanics' lien attached. The language in the Mechanics' Lien Act in force in 1885 (Rev. Stat. 1874, p. 665, sec. 1) required that the contractor have a contract with the owner of the land before a mechanics' lien could attach. However, the Act now requires only that the contract be with the owner or with one whom such owner has authorized or "knowingly permitted" to contract for the improvement of or to improve the land. Therefore, *Proctor* is not controlling in this case. The owner is assumed to have "knowingly permitted" the improvements where he knew and failed to protest or accepted the benefits of the improvements. (*Janisch v. Reynolds*, 254 Ill.App. 569; *Young v. Bergner*, 243 Ill.App. 473; *Mutual Construction Co. v. Baker*, 237 Ill.App. 596.) Here the record clearly shows that the owner knowingly permitted the tenant to contract for the improvements. Under our statute, this is sufficient to give rise to a mechanics' lien upon the owner's property.

■■ Owner next contends that the contractor's failure to render substantial compliance with the contract by virtue of his non-completion of the contracted-for work means that no mechanics' lien can attach. Normally, it is a prerequisite to a mechanics' lien that the contractor complete performance of the contract. (See Love Mechancis' Liens in Illinois, par. 58, at 129 (1931).) In *Gottschalk Construction Co. v. Carlson*, 253 Ill.App. 520, the court stated at 529:

> "The contract is the basis of the lien and to maintain a mechanics' lien suit, petitioner must show either performance or excuse for non-performance which must result from the owner's breach of contract."

In the present case the plaintiff-contractor completed only approximately one half of the work. However, the trial court found that the contract was not permitted to be completed "* * * due to the delay and dilatory action of the co-defendants and each of them." This is an excuse for non-performance within the meaning of the quote from *Gottschalk*.

■■ Furthermore, section 4 of the Mechanics' Lien Act (*Ill. Rev. Stat.* 1971, ch. 82, par. 4) provides that a contractor who is prevented from performing his contract by default of the owner shall be entitled to enforce his lien for the value of what has been done. Although the trial

court found both the owner and tenant at fault here, we observe that the lien would be equally valid if the tenant was the only party who prevented completion of the contract. In *Cooper v. Palais Royal Theatre Co.* (1926), 242 Ill.App. 184, the court held that the Act must be read as a whole and that the meaning of the word "owner" as used in section 4 was the same as the meaning of "owner" in section 1, and thus held that where a contractor had furnished labor and materials for an improvement upon property under a contract not with the actual owner but rather with one whom the owner had "knowingly permitted" to make the improvement, the contractor was entitled to a lien for the reasonable worth of such labor and materials although he did not complete the contract because of the failure of the party whom the owner had "knowingly permitted" to make the improvement to perform his part of the contract. Thus the trial court properly entered a lien for the amount of work actually performed.

■■ Owner next contends that the items installed by the contractor were "trade fixtures" which are not lienable. Trade fixtures are not lienable improvements even though they may be attached to the building at least in part. Our supreme court in *Fehr Construction Co. v. Postl System of Health Building* (1919), 288 Ill. 634, 124 N.E. 315, listed three prerequisites of a fixture which would make it a lienable fixture as opposed to a trade fixture. The first is that the fixtures be firmly attached to the realty, the second is that the fixtures be adapted to and necessary for the purpose to which the portion of the premises leased is devoted and for which it was leased, and the third is that the parties to the lease intended that these fixtures and alterations should become a part of the realty. Here electrical wiring and conduits were installed. *Babiak v. Strum,* 20 Ill.App.2d 191, 155 N.E.2d 332 (abstract opinion), held that where an electrical wiring system for a building was placed in conduits and part of the system was installed within the walls with conduits attached, when possible, to walls by metal strips, and screws and fluourescent lighting fixtures were attached to the ceiling and outlets were placed both in the walls and in the floor, such electrical system was not a "trade fixture", but was a permanent improvement to the real estate, and such items and work done in the installation thereof were lienable. Following *Babiak,* we hold that the items installed by the contractor in this case were lienable improvements rather than trade fixtures.

■■ Owner's final contention is that the trial court improperly decreed an "equitable lien" against his property in favor of tenant. However, the pertinent part of the court's order stated:

"IT IS FURTHER ORDERED that in the event that Defendant,

Tommy Payne, Jr., becomes liable or pays the entire judgment, either by virtue of deficiency or sale of the property under this Decree or by payment of said amount in the first instance of said judgment, he shall be entitled to recover from Defendant, Guy D. Reed, the sum of $869.48."

It is readily apparent that this order did not create or impose an equitable lien.

Finding no error, we affirm the decree of the Circuit Court of Franklin County.

Decree affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.