KUPFERSCHMID, INC., Plaintiff-Appellant, v. JOSEPH RODEGHERO *et al.*, Defendants-Appellees.

Third District No. 3—85—0271

Opinion filed January 3, 1986.

Robert M. Travers, of Fellheimer, Fellheimer, O'Dell & Travers, Ltd., of Pontiac, for appellant.

J.D. Flood, of Morris, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff entered into an agreement with defendant Gillette for the purchase of a barn cleaner, cow pen paneling, tie stalls, clamps, thermostats and fans which were to be installed in a new metal dairy barn to be constructed on defendant Rodeghero's property. This property was subject to a Federal Land Bank mortgage obtained by defendants Rodeghero, Gillette and his wife, to finance construction of a new metal dairy barn. Gillette and Rodeghero previously had been involved in a dairy operation on a partnership basis and they entered into an agreement wherein Gillette would construct a new metal dairy barn on Rodeghero's property, insure the premises, pay the real estate taxes on the building, repay the loan, and purchase five acres surrounding the new barn. Rodeghero and Gillette further agreed that, as far as the ownership of the building was concerned, their relationship would be that of a contract seller and contract purchaser in that Gillette would have no legal or equitable interest in the building, nor would he be allowed to remove the Lester Tie Stall/Pen Shed until the Federal Land Bank loan was paid in full releasing Rodeghero and the premises from liability for the loan.

Plaintiff delivered the above-described materials to the Rodeghero property on September 15, 1981. With the exception of the barn cleaner which was placed outside the metal barn then under construction, these materials were placed inside the barn on a dirt floor. The materials, with the exception of the thermostats and fans, were to be installed in a concrete floor. On three separate occasions, defendant Gillette issued checks to the plaintiff for the full purchase price of the delivered materials, but they were returned due to insufficient funds.

In February of the following year, a fire destroyed approximately 75% of the barn. At the time of the fire, one fan had been installed and the other materials remained on the dirt floor and were exposed to the elements. The barn cleaner had not been placed inside the structure and was also exposed to the elements. In March of 1982 plaintiff removed the delivered materials from the property with the exception of one fan which was destroyed because of the fire and a number of clamps which were lost in the mud of the dirt floor. The recovered materials, except for the barn cleaner, were eventually resold in their damaged condition, and plaintiff estimates his total loss was $8,888.12.

Plaintiff brought a complaint to foreclose mechanics' lien on the real estate owned by defendant Rodeghero seeking to recover his loss.

The trial court entered judgment against plaintiff holding that all of the above-described items were business fixtures not subject to the Illinois Mechanics' Liens Act (Ill. Rev. Stat. 1983, ch. 82, par. 1 *et seq.*). Further, the trial court held that because plaintiff had recovered the items from defendant Gillette prior to the filing of a claim for mechanics' lien, plaintiff under paragraph 4 of the Act was estopped from asserting any claim for lien.

On appeal, plaintiff requests this court to review whether the items delivered constituted business fixtures which are not subject to the Illinois Mechanics' Liens Act and whether plaintiff is estopped from asserting any claim for lien under this Act due to his removal of the delivered items prior to filing a mechanics' lien claim.

■ Under the Illinois Mechanics' Liens Act liens are authorized for furnishing "material, fixtures, apparatus or machinery." (Ill. Rev. Stat. 1983, ch. 82, par. 1.) In order to have a valid claim for lien stemming from the furnishing of either "fixtures, apparatus or machinery," the claimant must prove that these items were actually incorporated into the project under construction. If the items furnished by the claimant are characterized as "material," it is not necessary to prove that the items were actually incorporated into the project under construction in order to have a valid claim for lien against the real estate. *R. Haas Electric & Manufacturing Co. v. Springfield Amusement Park Co.* (1908), 236 Ill. 452, 86 N.E. 248; Ill. Rev. Stat. 1983, ch. 82, par. 7.

As noted above, the trial court held the items furnished by the plaintiff were business "fixtures" and not "material," which would be lienable regardless of whether they were incorporated into the metal barn as intended. Plaintiff contends the items furnished defendant were "materials," as opposed to "fixtures, apparatus or machinery," and therefore he need not show that the items furnished were actually incorporated into the barn in order to establish his lien. With the exception of the fans and thermostats, the items furnished were to be set in concrete and could not be used properly unless they were set in concrete. The fans and thermostats were to be permanently incorporated into the electrical system of the building. Given the permanent nature of the installation of these items, the items being integral to the purpose and use of the building and the parties' intent that they become part of the barn, they clearly would be lienable if installed even though they might be characterized as business fixtures. (*B. Kreisman & Co. v. First Arlington National Bank* (1980), 91 Ill. App. 3d 847, 415 N.E.2d 1070; *Babiak v. Strum* (1959), 20 Ill. App. 2d 191, 155 N.E.2d 332; *Fehr Construction Co. v. Postl System* (1919), 288

Ill. 634, 124 N.E. 315.) Plaintiff contends that the items furnished were intended to remain permanently in the building and that in an earlier era they would have been fabricated of wood on the construction site from materials furnished for general construction of the barn.

■■ The court in the case of *Johns-Manville Corp. v. LaTour D'Argent Corp.* (1934), 277 Ill. App. 503, held that the term "material" as used in section 1 of the Illinois Mechanics' Liens Act should be construed to encompass modern methods of construction. In determining whether the items furnished in the instant case constitute "material" as opposed to "fixtures," the proper inquiry is whether the items were by their inherent characteristics integral parts of the structure and were intended to remain permanently in the barn. It is clear from the record that the items furnished by the plaintiff, though not fabricated at the construction site, were of this nature and are more properly classified as "material" as opposed to "fixtures, apparatus or machinery." It was not necessary therefore for these items to have been actually installed to enable the plaintiff to have a valid claim for lien. (*D.D. Kennedy, Inc. v. Lake Petersburg Association* (1964), 54 Ill. App. 2d 85, 203 N.E.2d 145.) The Illinois Mechanics' Liens Act must be interpreted in light of modern construction methods and materials in characterizing items furnished by a contractor as either "materials, fixtures, apparatus or machinery."

■■ The second issue under review is whether, as held by the trial court, the plaintiff is estopped from asserting any claim for lien by reason of his removal of a portion of the items delivered prior to his filing of a claim for a mechanics' lien. In interpreting the language of section 4 of the Act, which governs breach of contract by the owner and recovery of material by the contractor, the court has previously held this section creates an option in the contractor to recoup his material or to enforce his lien for the value of what work has been done. In *R. Haas Electric & Manufacturing Co. v. Springfield Amusement Park Co.* (1908), 236 Ill. 452, 86 N.E. 248, it is stated that if the "material returned was of class for which a lien might be given upon proof of its mere delivery, such lien would be defeated by the voluntary removal of the material by the contractor from the premises" (236 Ill. 452, 465, 86 N.E. 248, 253), suggesting that in the instant case recovery of a portion of the delivered items estopped plaintiff from pursuing his mechanics' lien remedy. However, we hold that the facts in the instant case do not support the finding of estoppel by the trial court. The material furnished defendants in September 1981 was not the same material recovered by the plaintiff in March 1982. The

fire and subsequent exposure to the elements which resulted in damage to the material delivered by the plaintiff constituted a partial incorporation of the material into the structure. Section 4 of the Act allows the contractor to enforce his lien for the value of what has been done, and the court shall adjust his claim and allow a lien accordingly. The difference between the salvage value of the material recovered and the contract price we hold to be lienable under the facts of this case. *Koester v. Huron Development Co.* (1962), 25 Ill. 2d 337, 185 N.E.2d 196; *Douglas Lumber Co. v. Chicago Home for Incurables* (1942), 380 Ill. 87, 43 N.E.2d 535.

The plaintiff in good faith furnished material to the defendants and in good faith recovered the damaged material to mitigate his damages thereby reducing defendants' liability for the material furnished. In keeping with the principles of equity and the purpose of the Act, we hold the language in section 4 allows the plaintiff to recover the material furnished without forfeiting his mechanics' lien remedies.

For the foregoing reasons, the judgment of the circuit court of Grundy County is reversed and this case is remanded with directions that judgment be entered against the defendants in an amount consistent with the evidence produced at trial.

Reversed and remanded with directions.

BARRY and STOUDER, JJ., concur.