AIRTITE, a Division of Airtex Corporation, Plaintiff-Appellee, v. DPR LIMITED PARTNERSHIP, Defendant-Appellant (Empire Development Company *et al.*, Defendants).

Fourth District   No. 4—93—0970

Argued April 20, 1994.—Opinion filed June 29, 1994.

COOK, J., specially concurring.

William C. Wetzel (argued), of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellant.

Darrell L. Hartweg (argued), of Luedtke, Hartweg & Turner, of Bloomington, and James M. Rogan, of Kelly, Olson, Pusch, Rogan & Siepker, of Chicago, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Airtite, a subcontractor, sought to foreclose a mechanic's lien against all defendants, including DPR Limited Partners (DPR). A hearing was held and the trial court found in favor of Airtite and entered a judgment for foreclosure and sale. DPR appeals, arguing the doctrine of *res judicata* should have been applied to bar the action in its entirety and, alternatively, the grant of foreclosure was erroneous. We affirm.

In June 1988, Airtite filed its complaint to foreclose mechanic's lien against DPR, Empire Development Company (Empire), Mutual Benefit Life Insurance Company (Mutual Benefit), and unknown owners. Sometime later, Airtite filed its first-amended complaint. Defendant Mutual Benefit then filed a motion to dismiss the first-amended complaint, which was granted. Airtite did not further amend its complaint to include Mutual Benefit. Both defendant unknown owners and defendant Empire were found in default. Defendant DPR filed a motion to dismiss based on *res judicata*, which was denied by the trial court. Defendant DPR then filed its answer to the first-amended complaint and pleaded affirmative defenses, including (1) *res judicata*; (2) the claim for lien did not meet statutory requirements; and (3) a previous settlement entitled it to release of the lien. Defendant Pipco Companies, Ltd. (Pipco), also filed an answer to the first-amended complaint. A hearing was held on the merits of the complaint and affirmative defenses. The trial court found in favor of Airtite and a judgment for foreclosure was entered on September 30, 1993. DPR then filed this appeal.

DPR was awarded a lease with the General Services Administration (GSA) which provided it was to erect a facility in Bloomington, Illinois, to be occupied by the Internal Revenue Service. DPR contracted with Empire for the erection of the facility. Airtite was awarded a subcontract in November 1985 to provide access flooring for the facility. The contract was based on a bid developed by Airtite pursuant to specifications given it by the architect for the project and provided the floor panels would include a wood particle-board core panel for a cost of $106,000.

In March 1986, Airtite delivered the floor panels to the jobsite. However, Airtite was told the floor panels were unacceptable due to GSA specifications. A new contract was entered between Empire and Airtite in May 1986, which provided for steel raised flooring with

carpet tiles for a sum of $136,000. The installation of the steel floor was completed by Airtite; Airtite retrieved the unacceptable wood-core flooring from the jobsite and placed it in its inventory. Airtite sent an invoice to Empire for the completed work. In July 1986, when a portion of the invoice still had not been paid, Airtite prepared a subcontractor's 30-day notice of lien, claiming a lien in the amount of $64,510.68.

In August 1986, Airtite filed a four-count complaint in the United States District Court for the Northern District of Illinois, Eastern Division, case No. 86—C—5893 (Federal case) against DPR, Empire, and Floyd Sack, the primary owner of Empire. The four-count suit included a count for foreclosure of mechanic's lien, as well as counts based on the contract, on a promissory note, and in *quantum meruit*. An order of reference was filed on January 27, 1987, which provided the case would be submitted to arbitration and the district court would retain jurisdiction for the sole purpose of enforcing the decision of the arbitrator. An arbitration hearing was held in November 1987. Thereafter, the arbitrator signed an opinion and award which was later confirmed by the district court. However, Airtite still did not receive full payment, so it filed this complaint to foreclose mechanic's lien.

## I. *RES JUDICATA*

DPR's first contention is *res judicata* applies to bar proceedings in this action. The trial court denied DPR's motion to dismiss filed under section 2—619(a)(4) of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(4).) DPR argues the trial court erred in denying the motion to dismiss because the foreclosure of mechanic's lien was part of the Federal case previously arbitrated. Airtite maintains the trial court did not err in finding *res judicata* does not apply.

Under the doctrine of *res judicata*, a final judgment rendered on the merits by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Torcasso v. Standard Outdoor Sales, Inc.* (1993), 157 Ill. 2d 484, 490, 626 N.E.2d 225, 228; *People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851, 853.

Airtite brought the Federal case against DPR, as well as other defendants. The pleadings in the Federal case contained four counts. Only counts III and IV made mention of defendant DPR. Count III was brought for foreclosure of mechanic's lien against DPR; count IV was brought in *quantum meruit* against DPR. The Federal court

entered an order of reference stating the case would be heard by an arbitrator and dismissed the case, retaining jurisdiction for the sole purpose of enforcing the decision of the arbitrator. None of the named defendants were present at the arbitration hearing and the proceeding commenced without their presence. After the hearing the arbitrator entered his opinion and award. The arbitrator found in favor of Airtite and against Empire and Sack, the other defendants in the case, on all substantive issues. The award contains no reference whatsoever to any foreclosure claim. The only mention of DPR in the award was "[n]o award is made against Defendant DPR." The Federal court then allowed Airtite's motion to confirm the arbitrator's award and judgment. Airtite later filed this cause of action. Airtite's first-amended complaint contains almost identical allegations against DPR as count III of its Federal case.

Initially, we note the Federal court dismissed the Federal case on January 27, 1987. This order effectively dismissed the entire case, including the foreclosure claim. It was then up to the parties to present those issues they desired arbitrated to the arbitrator. The record does not contain a complete transcript of the arbitration proceeding. It is the appellant's burden to present a record demonstrating the error complained of; any incompleteness will be resolved against the appellant. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) Insofar as the record before us shows, the only issue presented was the contract claim. We cannot say other issues or evidence was submitted by Airtite on any other claims. Since the defendants, including DPR, failed to appear for the arbitration hearing, no evidence was presented on their behalf. This situation is analogous to the situation which arises when a case is dismissed from one court, *i.e.*, a voluntary withdrawal of the case from Federal court, and then refiled in another court, *i.e.*, a State court; but, upon refiling the plaintiff chooses not to include one of the original claims in its new complaint filed in the second court. That claim has not been adjudicated to finality and *res judicata* does not apply. Similarly, here, *res judicata* does not apply directly to the foreclosure claim because as far as the record shows, it was not presented to the arbitrator, so it was not adjudicated to finality.

*Res judicata* may also bar the bringing of a new claim if, however, it should have been litigated with the original claim because it is part of the same cause of action as the original claim. The Supreme Court of Illinois stated the following:

> "Where there is identity of parties, subject matter, and cause of action, the doctrine of *res judicata* extends not only to every matter that was actually determined in the prior suit but to every

other matter that might have been raised and determined in it. (*Boddiker v. McPartlin* (1942), 379 Ill. 567, 577.) A cause of action consists of a single group of facts giving the plaintiff a right to seek redress for a wrongful act or omission of the defendant. (*Pierog v. H.F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1060-61.) Although a single group of operative facts may give rise to the assertion of more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute but a single cause of action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 64.)" *(Torcasso,* 157 Ill. 2d at 490-91, 626 N.E.2d at 227-28.) An action for foreclosure has been found to be part of the same cause of action as the underlying claims upon which the foreclosure action was brought. (*Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.* (1988), 177 Ill. App. 3d 656, 659-61, 532 N.E.2d 423, 425-26.) However, *res judicata* does not apply to bar an independent claim of part of the same cause of action if (1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserves the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction of the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason. (Restatement (Second) of Judgments § 26(1) (1982); see *Thorleif,* 177 Ill. App. 3d at 661-62, 532 N.E.2d at 426-27.) Additionally, the doctrine of *res judicata* need not be applied where fundamental fairness so requires. *People v. Somerville* (1969), 42 Ill. 2d 1, 4, 245 N.E.2d 461, 464.

In this case, the defendants failed to appear at the arbitration proceeding. The record suggests Airtite chose to proceed on the contract claims only. The defendants through their own default can be said to have acquiesced in Airtite splitting its claims. Additionally, the arbitrator explicitly stated "I find sufficient evidence to rule in favor of Plaintiff in this dispute." This is a situation which requires *res judicata* not be applied because its application would result in an inconsistent result. (Restatement (Second) of Judgments § 26, Comment *i* (1982).) The arbitrator found in favor of Airtite; yet, assuming its mechanic's lien is valid, Airtite would not have that remedy available if *res judicata* were applied. Since (1) the parties and the arbitrator understood Airtite could proceed on the foreclo-

sure claim at another time, and (2) fundamental fairness requires that Airtite be allowed to proceed on its foreclosure claim, *res judicata* does not apply and the trial court did not err in denying dismissal.

## II. FORECLOSURE

Even though *res judicata* does not apply, DPR contends the trial court erred in granting the foreclosure and sale because (1) the payments Airtite received from Empire for its work should have been applied to the amount due for the steel flooring, so the money Airtite is seeking from this suit arises from the costs of the wood-core flooring, which DPR argues is not properly the subject of a mechanic's lien because it was removed from the property and not incorporated into the real estate; (2) even if the payments received were properly applied to the wood-core flooring, the steel flooring is not properly the subject of a mechanic's lien because it is a trade fixture; (3) the order granting foreclosure failed to protect the interest of Mutual Benefit, a superior lienholder; and (4) Airtite did not properly file its claim under section 28 of "An Act relating to contractors' and material men's liens, known as mechanics' liens" (Act) (Ill. Rev. Stat. 1989, ch. 82, par. 28).

### A. Application of Payments

•2 DPR contends payments received by Airtite should have been applied to the steel flooring so that Airtite's claim, based on a mechanic's lien on the steel flooring, has already been satisfied. The doctrine of equitable application of payments allows a creditor to apply payments received from a debtor, without instructions on how to apply the payments, to any account the creditor chooses. (*Illinois Refining Co. v. Welch* (1930), 341 Ill. 292, 300, 173 N.E. 345, 348; *Barbee v. Morris* (1906), 221 Ill. 382, 383-84, 77 N.E. 589, 590.) Limited exceptions have been recognized when equity requires, as in cases involving a surety. *Alexander Lumber Co. v. Aetna Accident & Liability Co.* (1921), 296 Ill. 500, 504-06, 129 N.E. 871, 872-73.

DPR relies on *Alexander* for the proposition that equity requires the payments made to Airtite be applied to the steel flooring rather than the wood-core flooring. In *Alexander*, the defendant had given a surety for work done by the company for one particular building. The court held it would be inappropriate for the creditor to apply monies from a bond for the purpose of construction of that building to other accounts the creditor had with the company. In essence, the creditor was attempting to satisfy unsecured accounts from other projects with the company by applying payments received using the

funds meant only for this particular construction project. *Alexander*, 296 Ill. at 504-06, 129 N.E. at 872-73.

The situation in *Alexander* is distinguishable from the situation in this case. Here, there was only one construction project. Airtite simply applied the payments received to the nonlienable portion of the contract first, maintaining its legal recourse of foreclosure on the mechanic's lien. (See *B. Kreisman & Co. v. First Arlington National Bank* (1980), 91 Ill. App. 3d 847, 854-55, 415 N.E.2d 1070, 1076.) Airtite's first invoice listed charges including the monies due on the wood-core flooring. The payment received by Empire did not designate how those payments should be applied. DPR has presented no evidence the payments were to be applied in a particular manner. Airtite was entitled to apply the payments to the wood-core flooring. The amount in controversy thus arises from monies owing on the steel flooring, which is the subject matter of the mechanic's lien.

## B. Fixtures

●3 DPR contends the steel flooring is a trade fixture as opposed to a permanent fixture. Under the Act (Ill. Rev. Stat. 1989, ch. 82, pars. 1 through 39), permanent fixtures to a property are lienable items, whereas trade fixtures are not. (*B. Kreisman,* 91 Ill. App. 3d at 851-54, 415 N.E.2d at 1073-75; *Miller v. Reed* (1973), 13 Ill. App. 3d 1074, 1078, 302 N.E.2d 131, 134; *Wanzer v. Smorgas-Brickan Developers, Inc.* (1970), 130 Ill. App. 2d 378, 384-86, 264 N.E.2d 435, 438-39; see *Kupferschmid, Inc. v. Rodeghero* (1986), 139 Ill. App. 3d 975, 977-78, 488 N.E.2d 305, 307.) The following three-part test is applied to determine whether an item is a trade fixture: (1) the means by which the fixture is annexed to the building; (2) whether the item is adapted to and necessary for a particular purpose for which the property is devoted; and (3) whether the party having an interest in the premises intended the item to become a permanent part of the property. (*B. Kreisman*, 91 Ill. App. 3d at 852, 415 N.E.2d at 1074.) The trial court's determination regarding whether an item is a trade fixture should not be reversed unless manifestly erroneous. *Wanzer,* 130 Ill. App. 2d at 386, 264 N.E.2d at 439.

●4 The trial court, relying on *Wanzer,* held the steel-flooring is not a trade fixture and, therefore, it is properly the subject of a mechanic's lien. In *Wanzer,* the court found carpeting which was attached so it could be removed, which was ordered and cut specifically for the property to which it was attached, and which was installed to make the building usable was lienable. (*Wanzer,* 130 Ill. App. 2d at 384-86, 264 N.E.2d at 438-39.) Similarly here, the steel flooring was requested by DPR, the owners of the building, it was specifically

designed for this property, the building was built to accommodate this type of flooring, the flooring although removable was attached to the premises, and DPR did not necessarily intend to remove the flooring, but intended to leave it in the building if future lessees required it. Although DPR argues the raised flooring is a trade fixture under the three-part test, essentially because it is removable, the trial court was not in error to consider all other circumstances in making its determination. Based on all of the circumstances, the trial court's ruling that the steel flooring is properly the subject of a mechanic's lien is not manifestly erroneous.

## C. Sufficiency of the Order

Additionally, DPR contends its interests are not protected by the judgment because the interests of Mutual Benefit, a superior lienholder and defendant in the original suit whose motion to dismiss was granted and who is not a party to this appeal, are not protected by the order. See *Alexander Lumber Co. v. Kellerman* (1933), 271 Ill. App. 571, 577-78.

●5 DPR's argument lacks merit. The trial court's order did not fail to take into consideration Mutual Benefit's superior mortgage. Paragraph 4 states the amount of Airtite's claim as subject to superior interests. Paragraph 5 clearly states Airtite's interest is subject to Mutual Benefit's superior claim. Paragraph 10 states the trial court retains jurisdiction for the purpose of directing the net proceeds of any sale. Paragraph D(1) orders the sheriff to give Mutual Benefit notice in the event of a sale. Paragraph D(2) states any purchaser will take subject to Mutual Benefit's interest. Paragraph D(3) states the sheriff shall pay Airtite after the payment of all unpaid costs first entitled to be paid. The trial court's order protects Mutual Benefit's superior interest.

## D. Section 28 of the Act

●6 Last, DPR attempts to argue Airtite's claim was not properly filed under section 28 of the Act. (Ill. Rev. Stat. 1989, ch. 82, par. 28.) DPR's scant argument, however, does not include any authority or allegations of fact except citation of a portion of the Act which is not explained or elaborated upon. It is unclear whether DPR is challenging the entire judgment or simply the portion of the judgment entitling Airtite to a deficiency judgment in the event a sale does not cover the entire claim. It should be noted the action was not even brought under section 28 of the Act. Regardless, DPR failed to support its argument so as to require this court to address this issue. See 134 Ill. 2d R. 341(e)(7); *In re Tally* (1991), 215 Ill. App. 3d 385, 390-91, 547 N.E.2d 1262, 1265-66.

## III. CONCLUSION

The trial court's order of foreclosure and sale on the mechanic's lien is affirmed.

Affirmed.

LUND, J., concurs.

JUSTICE COOK, specially concurring:

DPR, a limited partnership with its principal place of business in Pennsylvania, is the owner of real estate located at 2402 East Empire in Bloomington, McLean County, Illinois. Empire, a Delaware corporation with its principal place of business in Colorado, was the general contractor for a project at 2402 East Empire. Airtite is a division of an Illinois corporation with its principal place of business in Chicago. Airtite installs acoustical ceilings, raised flooring, and does related work, and was a subcontractor on the project at 2402 East Empire. The contract and revised contract here were between Empire as general contractor and Airtite as subcontractor.

When Airtite was not paid, it filed a diversity action against Empire and DPR in Federal court, the Northern District of Illinois. The Northern District apparently was chosen because Airtite resided there. Empire was sued on the contract. DPR, which was not a party to the contract, was sued in *quantum meruit* and to foreclose a mechanic's lien. The district court referred the matter to arbitration, noting that the parties had agreed to the appointment of Professor Elliott Goldstein for binding arbitration. The district court then dismissed the cause, reserving jurisdiction to enforce the award. Defendants failed to appear before the arbitrator. The arbitrator found the evidence "to require an Award for the Plaintiff," and that Empire owed damages of $62,410.68 plus statutory interest. The arbitrator stated, "No award is made against Defendant DPR." Airtite subsequently brought suit in the circuit court of the Eleventh Judicial Circuit of Illinois, McLean County, to enforce its mechanic's lien. The trial court ruled in favor of Airtite, and DPR has taken this appeal, arguing that the proceedings in Federal court and the arbitration constituted a bar to any further proceedings.

It has been held that a suit to enforce a mechanic's lien and a suit on the underlying construction contract are merely different aspects of a single cause of action. (*Thorleif*, 177 Ill. App. 3d at 660-61, 532 N.E.2d at 426.) In the present case, however, there are separate causes of action and *res judicata* does not apply, because there are separate parties. (*Torcasso*, 157 Ill. 2d at 490, 626 N.E.2d at 228

(*res judicata* requires an identity of parties or their privies); Restatement (Second) of Judgments § 49 (1982) (judgment against one person does not terminate a claim against another person for the same loss); 3 R. Michael, Illinois Practice § 24.3, at 345-46 (1989) (Civil Procedure Before Trial) (rule against claim splitting only applies to claims against the same defendants).) Here the contract action is against Empire and the mechanic's lien action is against DPR; in *Thorleif* both actions were against the same defendant.

Because the two actions are against different parties, Airtite could have filed one action in one court and the other in another, unlike the plaintiff in *Thorleif*. Although Airtite at first chose to join the two actions in a single suit, the rules of *res judicata* did not prevent Airtite from changing its mind, taking a voluntary nonsuit as to one of the actions, and later refiling it. That seems to have occurred here. The district court dismissed the action before it. Airtite then proceeded to arbitration but chose not to continue with the mechanic's lien claim against DPR.

Even assuming the claims against Empire and DPR were a single cause of action, there is an exception to the rule against splitting a cause of action, where plaintiff is unable to obtain full relief because of a restriction on the first court's subject-matter jurisdiction. (Restatement (Second) of Judgments § 26(1)(c) (1982).) There was a restraint on the Federal court's subject-matter jurisdiction here. The Mechanics Lien Act provides that a "contractor may bring suit to enforce his lien in the circuit court in the county where the improvement is located." (770 ILCS 60/9 (West 1992).) Perhaps a Federal court has jurisdiction over mechanic's lien cases, but not a Federal court in a district other than where the improvement is located. (*Sexton Manufacturing Co. v. Singer Sewing Machine Co.* (7th Cir. 1911), 194 F. 56.) McLean County is in the Central District of Illinois, not the Northern District.

Again assuming the claims against Empire and DPR are a single cause of action, there is a further exception to application of *res judicata* where the court in the first action "expressly reserved" the plaintiff's right to maintain the second action. (Restatement (Second) of Judgments § 26(1)(b) (1982).) The arbitrator's order could have been clearer, but it appears he simply chose not to consider the question of mechanic's lien foreclosure. There is certainly no indication the arbitrator intended to rule in favor of DPR on the merits. Every statement made by the arbitrator regarding the merits favors Airtite.

Where it is possible for parties to join all their claims in a single action they should be forced to do so, if those claims form a conve-

nient trial unit. Where the claims are unusual, however, and there is substantial question whether they are appropriately a part of the first case at all, a judge's or arbitrator's choice to leave the claims for another day should be respected.