**SURE–SHOCK ELECTRIC, INC.,**
**Plaintiff–Appellee,**

v.

**DIAMOND LOFTS VENTURE,**
**LLC, Defendant–Appellant.**

**No. 10CA0593.**

Colorado Court of Appeals,
Div. IV.

June 23, 2011.

---

Sweetbaum, Levin & Sands, P.C., Alan D. Sweetbaum, Jonathan G. Nash, Denver, Colorado, for Plaintiff–Appellee.

Rothgerber Johnson & Lyons LLP, Kris J. Kostolansky, Stephen E. Csajaghy, Justin H. Boyd, Denver, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, Diamond Lofts Venture, LLC (DLV), appeals from the trial court's order confirming an arbitration award as to the amount of the mechanic's lien claimed by plaintiff, Sure–Shock Electric, Inc. (Sure–Shock), and determining that Sure–Shock was entitled to participate in foreclosure proceedings. We affirm.

## I. Background

DLV was the owner of certain real property on which it constructed Diamond Lofts, and Sure–Shock was the electrical subcontractor for the construction project. In their contract, the parties agreed to arbitrate "[a]ny claim arising out of or related to the [s]ubcontract."

DLV did not pay Sure–Shock as required, and Sure–Shock recorded a mechanic's lien on the property and filed a complaint in district court, asserting claims for breach of contract, unjust enrichment, and foreclosure of the lien. Sure–Shock attached both the statement of lien and the notice of intent to file a lien to its complaint.

DLV moved to stay proceedings and compel arbitration pursuant to the contract, the

district court granted the motion, and both parties participated in arbitration. The arbitrator found that Sure–Shock had proved its claim, and DLV had proved none of its defenses or offsets. His interim award stated that Sure–Shock's claims were "for breach of contract and unjust enrichment" and did not mention foreclosure of the lien. However, the arbitrator made detailed findings of fact regarding the filing of the lien, including its amount and the date it was recorded. The arbitrator awarded Sure–Shock the principal amount claimed in the lien, plus interest at the statutory rate of twelve percent "from October 17, 2007, the date [the] lien was recorded."

Sure–Shock moved for confirmation of the award, and the court granted the motion, ordering, as relevant here, that "the arbitration award is confirmed as to the amount of Sure–Shock's mechanics' lien" and that "Sure–Shock will be entitled to participate in the foreclosure of that lien."

On appeal, DLV argues that the parties' agreement to arbitrate all their claims and disputes divested the court of jurisdiction to determine the "validity, amount and enforceability" of the lien. DLV further argues that, because Sure–Shock did not affirmatively raise the argument that the lien was procedurally valid in arbitration, it is now barred by the doctrines of claim preclusion and waiver from seeking a decree of foreclosure. We disagree.

## II. Standard of Review

An arbitration agreement is a contract, the interpretation of which is a matter of law that we review de novo. *Allen v. Pacheco*, 71 P.3d 375, 378 (Colo.2003). We also review de novo a district court's legal conclusions on a motion to confirm or vacate an arbitration award. *Barrett v. Investment Mgmt. Consultants, Ltd.*, 190 P.3d 800, 802 (Colo.App. 2008).

## III. Merits

■ As an initial matter, we reject DLV's argument that the amount of the lien was not submitted to arbitration. A mechanic's lien is a security on a debt, and foreclosure of such a lien is an in rem action that is distinct from the in personam contract claim that establishes the existence and amount of the debt. *Mountain Ranch Corp. v. Amalgam Enterprises, Inc.*, 143 P.3d 1065, 1068 (Colo.App.2005). By determining the amount of debt owed by DLV to Sure–Shock on the underlying contract and unjust enrichment claims, the arbitrator necessarily decided the amount of any mechanic's lien. *See Midwest Curtainwalls, Inc. v. Pinnacle 701, L.L.C.*, 2009–Ohio–3740, 2009 WL 2332049, at *6 (Ohio Ct.App. July 30, 2009) (unpublished opinion); *Crowne Pond v. Paradigm Contract Mgmt. Co.*, No. CV 990174482S, 1999 WL 1207128 (Conn.Super.Ct. Dec. 1, 1999) (unpublished order).

Moreover, the arbitration award clearly noted the filing of the lien, the amount listed on the lien statement, and the date it was recorded, and awarded interest from the date of recordation "at the statutory rate of 12%." Although the award did not indicate the statute under which interest was awarded, we note that the general rate of statutory interest, pursuant to section 5–12–102, C.R.S. 2010, is eight percent. The only possibly relevant statute that sets an interest rate of twelve percent concerns mechanic's liens. *See* § 38–22–101(5), C.R.S.2010 ("All claimants who establish the right to a lien or claim under any of the provisions of this article shall be entitled to receive interest on any such lien or claim ... at the rate of twelve percent per annum."). Thus, we read the arbitrator's award to conclude that Sure–Shock had established the right to a lien or claim under the mechanic's lien statute.

■ The only remaining issue to be decided with regard to that lien, then, was the issue of procedural validity, that is, whether Sure–Shock complied with the procedural requirements of providing notice and recording its lien such that it is now entitled to a decree of foreclosure.

■ As Sure–Shock correctly asserts, submission of a facially proper notice of intent to file a lien and lien statement, time stamped by the county recorder's office, satisfies a mechanic's lien claimant's initial burden of proving the lien's procedural validity. *AAA Crane Serv., Inc. v. Omnibank Univ. Hills,*

723 P.2d 156, 159 (Colo.App.1986). Here, Sure–Shock attached its notice of intent to file a lien statement to its complaint. The notice of intent included affidavits of service stating that DLV, as owner of the property, and Solen, Inc., as the principal contractor, were served on October 5, 2007. Sure–Shock also attached its statement of lien, which was recorded on October 17, 2007, more than ten days after service.

It was DLV that moved to compel arbitration and made the demand for arbitration, which, while claiming that another mechanic's lien by another contractor (which participated in arbitration but is not a party to this appeal) was spurious, did not challenge the procedural validity of Sure–Shock's lien. However, although the arbitrator was aware of the lien, including the amount listed and date of recordation, and we have on appeal no record of the arbitration, because Sure–Shock does not dispute that the procedural validity issue was not arbitrated, we will assume that Sure–Shock did not provide copies of the notice of intent and lien statement to the arbitrator.

Therefore, the question we must answer is whether the procedural validity issue may be properly decided by the court as part of the foreclosure proceedings, or whether either Sure–Shock or DLV was required to raise it in arbitration under their agreement requiring all claims and disputes to be submitted to arbitration. The question is one of first impression in Colorado, although, as DLV acknowledges, our statutes provide that only a court may issue a decree of foreclosure. § 38–22–114(1), C.R.S.2010; *see also Mountain Plains Constructors, Inc. v. Torrez*, 785 P.2d 928, 931 (Colo.1990) (proper procedure is not to dismiss, but to stay action pending completion of arbitration, so as to preserve plaintiff's right to foreclose on its mechanic's lien).

■ We conclude that, here, the issue of procedural validity may be properly determined by the court. Given that only a court is vested with the authority to foreclose a mechanic's lien, it may concurrently determine any procedural validity issues connected with that foreclosure even when the underlying contract includes a broad arbitration clause, at least where, as here, neither party raised the issue in arbitration.

Moreover, the well-recognized distinction between the in personam contract dispute as to the underlying debt (and, necessarily, the amount of any lien arising from it), which is undisputedly arbitrable, and the in rem action foreclosing on a mechanic's lien, supports the same conclusion. Although the parties to the contract may have agreed to arbitrate their disputes, importantly, the in rem action frequently involves additional parties who, although not personally indebted to the claimant, also have an interest in the land.

The facts and circumstances here are illustrative. DLV argues that because Sure–Shock failed to assert and prove the procedural validity of the lien, "valid defenses" were never adjudicated. The only "valid defense" DLV actually identifies, however, is Sure–Shock's alleged failure to provide notice to the record owners of those condominiums that had already been sold. Those alleged owners neither agreed to arbitrate any disputes with Sure–Shock nor participated in the arbitration. Yet, it would be inequitable to force them to rely on DLV to raise any objections to the foreclosure of Sure–Shock's lien in arbitration, as we would by requiring that the procedural validity of the lien be arbitrated. *Cf. Cottage City Mennonite Church, Inc. v. JAS Trucking, Inc.*, 167 Md. App. 694, 894 A.2d 609 (2006) (affirming order foreclosing mechanic's lien based on arbitration award in contract dispute between contractor and subcontractor, even though landowner did not participate in arbitration, where court ordered landowner to show cause why lien should not attach and landowner did not file answer or contest assertions in complaint).

■ Accordingly, we conclude that the procedural validity of a lien securing a debt arising from breach of contract may be decided by a court even when the contract requires all disputes to be submitted to binding arbitration.

We note that other jurisdictions have, under similar circumstances, reached similar conclusions. *See Royal Palm Collection,*

**550**

*Inc. v. Lewis,* 36 So.3d 168 (Fla.Dist.Ct.App. 2010) (plaintiff was entitled to foreclosure of its mechanic's lien as a means of enforcing the arbitrator's award; court erred by refusing to grant foreclosure); *Airtite v. DPR Ltd. P'ship,* 265 Ill.App.3d 214, 202 Ill.Dec. 595, 638 N.E.2d 241 (1994) (where original suit that included a claim for foreclosure of mechanic's lien had been dismissed and ordered to arbitration but parties had only arbitrated contract claim, trial court properly entered a judgment of foreclosure on the lien); *Mansfield v. Jimden Realty Corp.,* 36 A.D.2d 623, 319 N.Y.S.2d 381 (N.Y.App.Div. 1971) (affirming order as to determination that validity of mechanic's lien was to be decided by court); *Sentry Eng'g & Constr., Inc. v. Mariner's Cay Dev. Corp.,* 287 S.C. 346, 338 S.E.2d 631 (1985) (affirming summary judgment on mechanic's lien based on arbitration award for breach of construction contract); *Worthington & Kimball Constr. Co. v. C & A Dev. Co.,* 777 P.2d 475 (Utah 1989) (in confirming arbitration award, court properly denied foreclosure of mechanic's lien after determining that it was not executed according to statutory procedural requirements); *but see Koors v. Steffen,* 916 N.E.2d 212 (Ind.Ct.App.2009) (parties required to arbitrate issues relating to the enforcement of any lien arising from their contract, but court erred by dismissing instead of staying litigation because arbitrator may determine foreclosure of lien is a proper remedy).

The two cases on which DLV relies are inapplicable to the circumstances here. Both confirm the arbitrator's order as to the procedural validity of a mechanic's lien that was expressly put at issue and decided in arbitration. *See CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 235, 240 (Tex.2002) (where claimant's demand for arbitration requested an award establishing a valid lien, owners responded that lien affidavit was untimely filed but did not challenge arbitrator's authority to decide validity issue, and arbitrator expressly found a "valid" mechanic's lien, court exceeded its jurisdiction by refusing to foreclose lien); *McMahon v. Schepers,* No. C2–02–266, 2002 WL 31013031, at *2 (Minn.Ct.App. Sept.

10, 2002) (unpublished opinion) (where parties agreed to arbitrate existence of a valid mechanic's lien, arbitrator did not exceed his authority by expressly finding lien was invalid for lack of notice). We need not, and do not, decide the issue presented to the courts in *CVN* and *McMahon:* whether parties *may* arbitrate the validity of a mechanic's lien.

Thus, we conclude that, under the circumstances here, the district court is the proper forum for contesting any disputes as to the procedural validity of Sure–Shock's mechanic's lien. Because Sure–Shock has already met its initial burden of proof with regard to the lien's procedural validity, it is incumbent upon DLV, or other affected owners, to assert any challenge to it. *Western Distrib. Co. v. Diodosio,* 841 P.2d 1053, 1057 (Colo. 1992) (the burden is on defendant to assert and prove any affirmative defenses); *see* Cathy S. Krendl, Colorado Practice Series, 1C Methods of Practice 268, § 48.20 (5th ed. 2006) (listing examples of affirmative defenses to mechanic's lien foreclosure actions).

Based on our disposition, we need not reach any of DLV's remaining arguments.

The order is affirmed.

Judge NEY * and Judge MÁRQUEZ * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.