NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2014[*]
Decided April 18, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3412

| | |
|---|---|
| BRENAYDER C. WILLIAMS, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CV-828-JPS |
| MILWAUKEE HEALTH SERVICES, INC., | J.P. Stadtmueller, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

    Brenayder Williams appeals the grant of summary judgment for her former employer in this employment-discrimination suit. We affirm.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Williams was a dental assistant at Milwaukee Health Services, Inc. ("MHS"), a community-based nonprofit center providing healthcare and dental services to Milwaukee residents. Williams, now 55, had worked there as an at-will employee since 1996. She was passed over for a promotion opportunity in early 2010, when MHS promoted a younger female employee, and again in April 2011, when MHS promoted a younger male employee. In 2010 she received three disciplinary warnings for performance-related issues, and several "Needs Improvement" scores on her performance reviews. In 2011 she received four disciplinary warnings, and MHS fired her in November for performance, attendance, and disciplinary reasons.

Williams then filed a charge with the Equal Employment Opportunity Commission alleging that MHS discriminated against her based on her age and sex when it denied her a promotion in April 2011. After the EEOC declined to pursue her case, Williams filed this suit against MHS. She alleged that MHS: (1) violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634, by denying her a promotion in early 2010 because of her age; (2) violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, by failing to accommodate an unidentified disability (she says only that she had an operation—also unspecified—that resulted in her having certain physical restrictions, such as limits on her walking and lifting) that prevented her from being able to perform all functions of her job; and (3) wrongfully terminated her under state law by firing her without following its own disciplinary procedures. MHS moved for summary judgment and submitted evidence showing that Williams had not filed charges with the EEOC within the applicable statutes of limitations; that the promoted employees had better performance reviews than Williams; that Williams was fired because of her below-average performance, multiple write-ups, and many unexcused absences; and that Williams was an at-will employee who could be fired for any reason.

The court granted summary judgment for MHS. It found Williams's age-discrimination claim was time-barred because the charge she filed with the EEOC in November 2011 had not been filed within 300 days of the denial of her promotion—a decision that, she alleged in her federal complaint, occurred in early 2010. As for her disability claim, the court explained that Williams failed to provide any evidence showing that MHS knew she was disabled. Finally, with regard to her wrongful termination claim, the court found that Williams submitted nothing to suggest that she was anything other than an at-will employee who could be fired at any time for any reason.

On appeal Williams challenges the district court's ruling that she was late in filing her EEOC charge for age discrimination, and maintains that the discrimination that motivated the denial of her promotion in early 2010 similarly motivated the denial of a promotion in April 2011. But as the district court correctly explained, Williams needed to have filed her EEOC charge within 300 days of the date of the unlawful practice alleged in her federal complaint (early 2010), *see* 29 U.S.C. § 626(d)(1); *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1019 (7th Cir. 2014), and she did not file her EEOC charge until November 2011. As for her contention that the discrimination recurred in April 2011 when she was denied a promotion, the record contains no evidence that the denial was motivated by age or sex (the two factors that she listed in her EEOC charge).

Next, regarding her ADA claim, Williams challenges the district court's conclusion that she failed to provide enough evidence to show that MHS was aware of her disability. She points to (1) the doctor's note she gave her supervisor upon returning from surgery—a note advising that she not walk much but sit more, and do only light lifting; and (2) her work attendance record reflecting that she had been on medical leave in July and August 2011. But as MHS has asserted, both here and in the district court, Williams's claim fails because the charge she filed with the EEOC did not mention any disability discrimination or even the ADA. *See* 42 U.S.C. § 2000e-5(e)(1); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1101 (7th Cir. 2013); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004).

Finally, Williams disputes the district court's characterization that she was an at-will employee who could be terminated without cause. She argues that MHS's employee handbook created an employment contract because it specified procedures that MHS needed to follow before it could discharge her. True, in Wisconsin, a handbook that sets forth mandatory discharge procedures can create an employment relationship. *See Ferraro v. Koelsch*, 368 N.W.2d 666, 668 (Wis. 1985). But an employee is considered at-will unless evidence expressly shows that the parties intended to be bound to a different type of employment agreement, *id.* at 368 N.W.2d at 672; *Bantz v. Montgomery Estates, Inc.*, 473 N.W.2d 506, 508 (Wis. App. Ct. 1991); *see Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 270 (7th Cir. 1995) (interpreting Wisconsin law), and the handbook here states that the guidelines are merely suggested and do not alter the employee's at-will status. As the district court explained, the parties submitted an agreement, signed by Williams, stating that she had read the handbook and understood that she was an at-will employee. Williams submitted nothing else that suggests a different type of employment relationship.

AFFIRMED.