NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014[*]
Decided May 22, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 13-3456

| | |
|---|---|
| CONSTANCE B. HAMEDANI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12-cv-146 |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | Sharon Johnson Coleman, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Constance Hamedani was a teacher at Bethune Elementary School, a Chicago public school, until the city's Board of Education fired her for misconduct. She challenged the Board's decision in the Circuit Court of Cook County and separately pursued discrimination charges with the Illinois Department of Human Rights. After

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

she was denied relief in both forums, Hamedani sued the Board in federal court, arguing that it violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, by failing to accommodate her disability (sleep apnea), and it inflicted emotional distress by posting her dismissal online. The district court dismissed Hamedani's complaint, concluding that her claims were precluded by her state-court litigation. Because the state-court judgment does preclude this litigation, we affirm.

The Board fired Hamedani in 2005 for excessive tardiness and imposing corporal punishment on students. Hamedani pursued administrative review of the Board's decision in the Circuit Court of Cook County, raising two contentions. First, she argued that the Board's findings were against the manifest weight of the evidence. Second, she maintained that the Board failed to recognize and accommodate her disability of sleep apnea, and by firing her it discriminated against her "on the basis of her disability in violation of the ADA." The state court affirmed the Board's decision, rejecting both attacks. The court concluded that sufficient evidence supported the Board's dismissal for Hamedani's tardiness and use of corporal punishment. The court also considered and rejected the discrimination claim. It reasoned that, although Hamedani knew of her sleep apnea when she met with the school's principal to discuss her tardiness, she never suggested to the principal that the condition caused her tardiness. The claim also failed, the court added, because the Board heard uncontradicted testimony from a physician that an accommodation of her disability with "a later starting time would not solve Hamedani's problems."

While Hamedani's suit against the Board was pending in state court, she also filed an administrative charge of disability discrimination with the Illinois Department of Human Rights, raising arguments similar to those advanced in state court. After an ALJ recommended rejecting those arguments, the Illinois Human Rights Commission adopted the ALJ's recommendation. She did not appeal that decision.

In this federal lawsuit, Hamedani has once again advanced her allegation of disability discrimination. She alleges that the Board violated the ADA when it did not give her a reasonable accommodation for her sleep apnea. In addition, she asserts that the Board posted on the Internet the fact of her dismissal and that, by posting this fact, the Board intentionally inflicted emotional distress. The Board moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that, based on the state-court judgment, her federal suit is barred by the affirmative defense of claim preclusion. (Ordinarily, a defendant will seek dismissal based on the defense of claim preclusion after answering and moving for judgment on the pleadings under Federal Rule of Civil

Procedure 12(c). *See Walczak v. Chicago Board of Education*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014). But here, the district court permissibly considered the motion to dismiss because, after Hamedani acknowledged the state-court judgment, the district court had everything it "needed in order to be able to rule on the defense." *Id.* (internal citation and quotation marks omitted).) The court granted the motion and dismissed the case with prejudice because Hamedani's federal suit "undeniably stem[s] from the same operative facts" as her previous case in the Circuit Court of Cook County.

On appeal Hamedani argues that her federal lawsuit is not precluded for two reasons. First, she contends, the state court did not correctly address her claim of disability discrimination. Second, she continues, she did not even raise her claim for intentional infliction of emotional distress in the state court. But her arguments misunderstand preclusion. A preclusion defense asks only whether the state court did (or could have) considered Hamedani's current claim, not whether it did so correctly.

We apply the preclusion rules of Illinois, the state that rendered judgment. *See* 28 U.S.C. § 1738; *Dookeran v. County of Cook, Illinois*, 719 F.3d 570, 575 (7th Cir. 2013). When a court of competent jurisdiction has rendered a final judgment on the merits of a claim, all legal theories that were or could have been advanced in that court are precluded in a later suit between the same parties under an identical claim. *Dookeran*, 719 F.3d at 575; *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). Claims are identical if they are based on the same set of facts. *See Hayes,* 670 F.3d at 813; *River Park, Inc. v. City of Highland Park, Inc.*, 703 N.E.2d 883, 893 (Ill. 1998). Also, judgments from state courts reviewing administrative decisions, such as the Board's decision to fire Hamedani, receive the same preclusive effect as any other judgment rendered in state court. *See Kremer v. Chemical Construction Corporation*, 456 U.S. 461, 481–82 (1982); *Abner v. Illinois Department of Transportation*, 674 F.3d 716, 719 (7th Cir. 2012).

Under these principles, Hamedani's current federal claim of disability discrimination is precluded. An Illinois court has rendered a final judgment against Hamedani on the merits of her claim that the Board wrongfully fired her. Hamedani's current claim arises from the same set of facts as her earlier claim—her discharge. Because she could have brought this claim in the earlier suit, it is precluded. *See Abner*, 674 F.3d at 719; *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 637–38 (7th Cir. 2004).

Hamedani's state-law claim for intentional infliction of emotional distress is also precluded, even though she raises it for the first time in this suit. Like her discrimination claim, the tort claim arises from the decision to fire her, which she alleges the Board published on the Internet. While Hamedani could not have advanced her tort claim as a ground for overturning the administrative decision to fire her, *see* 735 ILCS 5/3–111(a)(5)–(7); *Abrahamson v. Illinois Department of Professional Regulation*, 606 N.E.2d 1111, 1117 (Ill. 1992), she could have added the tort claim as a separate count in her state-court case against the Board. *See* 735 ILCS 5/2-613(a), 614; *Board of Education, Joliet Township High School District No. 204 v. Board of Education, Lincoln Way Community High School District No. 210*, 897 N.E.2d 756, 767–69 (Ill. 2008). Because she could have brought this claim in her earlier state-court case, it is precluded. *See Walczak*, 739 F.3d at 1019–20 (applying Illinois law).

AFFIRMED.