**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019[*]
Decided April 11, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 18-3098 & 18-3120

| | |
|---|---|
| SANDEEP NAYAK, | Appeals from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-CV-1120 |
| | |
| JENNIFER A. FARLEY and VOITH | Nancy Joseph, |
| HOLDING INC., | *Magistrate Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Sandeep Nayak, a former employee of Voith Turbo Inc. (a subsidiary of defendant-appellee Voith Holding Inc.), negotiated a settlement with Voith Turbo after the employment relationship soured. It included a release of claims and a covenant not to sue. Nevertheless, Nayak has filed at least five lawsuits based on his employment and the settlement negotiations. All five have been dismissed. After dismissing this—the fifth case—based on claim preclusion, the district court also granted the defendants'

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

motion for sanctions against Nayak under Federal Rule of Civil Procedure 11. We affirm the dismissal, but because the district court has not yet set the amount for Nayak to pay, we dismiss his appeal of the sanctions order for lack of jurisdiction.

Voith Turbo hired Nayak as a sales manager in 2012, and he moved from India to start the job. Soon after, his coworkers began to harass him, making offensive statements about Indians and at one point even aiming a gun at him. He took a leave of absence to address his mental health. With the assistance of counsel, Nayak negotiated a settlement agreement with Voith Turbo, and the parties agreed to end his employment. The agreement contained a "General Release and Waiver of Claims" and a covenant not to sue. Nayak signed the settlement agreement in May 2013.

Nayak then sued Voith Turbo and four employees in two lawsuits that were consolidated. *Nayak v. Herbison*, No. 1:14-CV-02211, 2015 WL 11605255 (M.D. Pa. May 26, 2015) (consolidating with *Nayak v. Voith Turbo, Inc.*, No. 1:14–CV–01053). Nayak's claims in those suits (including discrimination, wrongful termination, breach of contract, and fraud) were based on his employment and the negotiation of the settlement. Ultimately, the District Court for the Middle District of Pennsylvania determined that the release of claims that Nayak signed was valid and that it covered his claims against Voith Turbo and its employees. *Nayak v. Voith Turbo, Inc.*, No. 1:14-CV-01053, 2017 WL 9485536 (M.D. Pa. Jul. 19, 2017), *adopted by* 2017 WL 4230923 (M.D. Pa. Sep. 25, 2017). Nayak also filed, and lost, at least two cases against his former attorneys, who had negotiated the settlement with Voith Turbo.

Nayak later filed this case in the Eastern District of Wisconsin. He again asserted claims based on his employment with Voith Turbo and the negotiation of the settlement agreement. This time, however, he sued the parent company and its in-house counsel, seeking relief primarily on theories that corporate counsel had aided and abetted a breach of contract and numerous torts. The defendants moved to dismiss the suit for failure to state a claim upon which relief could be granted, *see* FED. R. CIV. P. 12(b)(6), and moved for sanctions, *see* FED. R. CIV. P. 11(c)(2). The district court determined that Nayak's suit was barred by the doctrine of claim preclusion and dismissed the complaint. The court also concluded that, at this point, Nayak knows that he cannot obtain relief in court and filed this lawsuit for an improper purpose. The court granted the motion for sanctions and ordered Nayak to pay the defendants' attorneys' fees and expenses. The court further ordered the clerk not to accept any new filings from Nayak until he pays the sanction. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 187 (7th Cir.

1995). Before the defendants submitted an accounting of their fees, Nayak separately appealed the dismissal and the sanctions order, and we consolidated the appeals.

We review de novo a dismissal based on claim preclusion. *Bernstein v. Bankert*, 733 F.3d 190, 225 (7th Cir. 2013). Claim preclusion is an affirmative defense best addressed under Rule 12(c), but the invocation of Rule 12(b)(6) in this case "is of no consequence" because the district court had before it everything necessary to rule on the defense. *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010); *accord Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014). Because a federal court entered the prior judgment, we apply the federal rule of claim preclusion, which has three elements: (1) identity or privity of the parties; (2) identity of the claims; and (3) a final judgment on the merits in the previous suit. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

Nayak argues that claim preclusion cannot apply because he has not filed any previous lawsuits against these precise defendants. But "[i]t is the identity of interest that controls in determining privity, not the nominal identity of the parties." *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 559 (7th Cir. 2014) (quoting *Chi. Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1080 (7th Cir. 2011)). Here, the attachments to Nayak's own complaint demonstrate that Voith Turbo and Voith Holding—for which Farley was associate counsel—are part of the Voith Group of Companies. As the district court correctly ruled, Farley, Voith Turbo, and Voith Holding all share the same legal interests. *See Chi. Title Land Tr. Co.*, 664 F.3d at 1080.

Second, Nayak's claims in the present suit arise out of his employment, its termination, and the negotiation of the settlement, as did his suits against Voith Turbo and its attorneys, fulfilling the second element. *See Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). Although Nayak argues that he brought new claims, claim preclusion is not concerned with the labels that litigants use for their claims; we look to the events on which the claims are based. *See id.* at 547–48. Moreover, the doctrine bars not only claims actually decided in the prior suit, but also all other claims that could have been brought. *Id.* at 547.

Third, the district court in Pennsylvania determined that the release blocked Nayak's previous suits against Voith Turbo, and it dismissed them for failure to state a claim. *See Nayak*, 2017 WL 4230923 at *2. Because dismissal for failure to state a claim is a resolution on the merits, FED. R. CIV. P. 41(b); *Federated Dep't Stores, Inc. v. Moitie*,

452 U.S. 394, 399 n.3 (1981), the district court's application of claim preclusion was proper, and Nayak is barred from bringing this suit.

Finally, Nayak argues that, regardless of the amount of the defendants' attorneys' fees and expenses, the order granting the motion for sanctions was improper and is therefore "ripened" for review. But an order granting monetary sanctions under Rule 11 is an appealable decision only if it clearly specifies (1) who is to pay the sanction, (2) who is to receive it, and (3) the amount. *See TMF Tool Co. v. Muller*, 913 F.2d 1185, 1188 (7th Cir. 1990). Here, the district court's order announced that Nayak must pay the defendants' "reasonable attorneys' fees and expenses," but it did not specify whether the defendants or the attorneys themselves would receive the sanction, and it did not specify the amount. Therefore, the sanctions order is not a final decision within the meaning of 28 U.S.C. § 1291, and we do not have jurisdiction over that appeal. *See Feldman v. Olin Corp.*, 692 F.3d 748, 758 (7th Cir. 2012) (order granting motion for sanctions was nonfinal because it explicitly reserved the calculation of fees); *McCarter v. Ret. Plan for Dist. Managers of Am. Family Ins. Grp.*, 540 F.3d 649, 654 (7th Cir. 2008). To answer a concern in Nayak's brief, however, we do not understand the district court's ban on "new filings" to prevent him from filing a new notice of appeal after the final sanctions order.

Accordingly, we DISMISS appeal No. 18-3098, and in appeal No. 18-3120, we AFFIRM the judgment.