**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019[*]
Decided August 20, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2487

| | |
|---|---|
| HENRY E. WADE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 3:17-cv-03236-RM-TSH |
| WESLEY L. BARR, *et al.*, *Defendants-Appellees*. | Richard Mills, *Judge*. |

**O R D E R**

In this suit under 42 U.S.C. § 1983, Henry Wade alleges that the Sangamon County Sheriff, the Sheriff's deputies, and two State's attorneys arrested and prosecuted him in violation of his Fourth and Fourteenth Amendment rights. The district judge screened the complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim because Wade was seeking review of ongoing state-court criminal proceedings.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

(He had been charged with manufacturing or delivering cocaine, *see* 720 ILCS 570/401, a fact of which the district court took judicial notice. *See White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016).) We affirm.

According to Wade's complaint, the allegations of which we accept as true, *see Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017), Wade was smoking at a pub with two other people when David Timm, a Sheriff's Deputy, approached them. Timm inquired if anyone was selling drugs and then asked to see the trio's identifications. During the next 40 minutes, Timm questioned and searched Wade, and Wade says that he was not allowed to leave. Timm stepped away for a short while, and when he returned a witness told him that she saw Wade throw something over the pub's fence. Timm arrested Wade but did not warn him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Wade attached to his complaint an excerpt of a transcript of a hearing in Sangamon County Court, at which Timm testified that he did not warn Wade of his rights because he did not question Wade after placing him under arrest.

Several weeks later, Wade filed a motion seeking review of a suppression hearing in the state-court proceedings. According to documents that he attached to his motion, Wade had moved to suppress evidence obtained through a search incident to his arrest as well as statements that he made to the officers after his arrest. But the state-court judge denied the motion on grounds that Timm had probable cause to detain and arrest Wade: Timm had received a tip that someone who matched Wade's appearance was selling drugs at the pub; Wade admitted to selling cannabis; and a witness told the officers that Wade had "thrown narcotics over a fence and she had retrieved the narcotics." And Wade's statements to the officers were admissible, the court added because Wade "made voluntary statements without any questions by Deputy Timm."

At screening, the district judge dismissed the complaint on abstention grounds, concluding under *Younger v. Harris*, 401 U.S. 37 (1971), that Wade was "asking the Court to review rulings that have been made in an ongoing State of Illinois criminal proceeding." As the judge explained, the State of Illinois had a strong interest in conducting its own criminal trials, Wade had an adequate opportunity in the state courts to appeal the denial of his motions, and there were no extraordinary circumstances demonstrating that abstention was inappropriate.

Wade then sought leave to file an amended complaint, so that he could request a declaration that the defendants violated his constitutional rights, dismissal of the state criminal charges against him, and unspecified damages. The district judge denied leave

to amend, reiterating that he could not review the state court's rulings in a pending criminal matter.

One week later, Wade pleaded guilty to possessing a controlled substance. *See* 720 ILCS 570/401(c). According to the state court's docket, he was sentenced to five years' imprisonment, and he did not appeal.

On appeal, Wade argues that the district judge should have given him the opportunity to amend his complaint at least once. Judges ordinarily should give a pro se plaintiff at least one opportunity to amend a complaint unless amendment would be futile. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). Any amendment here would be futile. Wade's proposed amended complaint sought relief—a declaration and injunction preventing the state from prosecuting him—that would interfere with his pending state-court criminal case. As the district court concluded, federal courts normally should abstain from exercising jurisdiction over federal constitutional claims that would interrupt ongoing state-court proceedings. *Younger*, 401 U.S. at 40–41; *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071–74 (7th Cir. 2018). The dismissal on abstention grounds, however, should have been without prejudice, *see, e.g., Courthouse News Serv.*, 908 F.3d at 1075, so we modify the judgment to reflect that Wade's claims for injunctive and declaratory relief are dismissed without prejudice.

That leaves Wade's request for damages, which the district judge bypassed when denying leave to amend. It is not clear whether *Younger* would block a request for damages in this case because Wade might not have been allowed to pursue damages in his criminal proceedings. *See Deakins v. Monahan*, 484 U.S. 193, 201–02 (1988); *Simpson v. Rowan*, 73 F.3d 134, 138–39 & n.8 (7th Cir. 1995); *Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995).

Nevertheless, Wade's request to add a Fourth Amendment claim for damages was futile because of the doctrine of issue preclusion. Because the Full Faith and Credit Act, 28 U.S.C. § 1738, requires us to give a state-court judgment the same preclusive effect they would have in state court, the preclusion rules of Illinois apply. *See Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014). In Illinois, an issue litigated in a prior proceeding may not be relitigated if the issues are identical, there was a final adjudication on the merits, and the party to be precluded was a party to the prior adjudication. *See Allen v. McCurry*, 449 U.S. 90, 103–05 (1980); *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010); *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997). In denying Wade's suppression motions, the state-court judge determined that probable

cause existed to detain him, and Wade did not appeal his conviction after he pleaded guilty. Wade thus had a full and fair opportunity to litigate his claim, which was decided against him, and the existence of probable cause defeats his proposed claim for damages. *See Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). This case therefore resembles those in which a plaintiff was collaterally estopped from relitigating Fourth Amendment claims lost at a criminal suppression hearing, *see Allen*, 449 U.S. at 103–05; *Guenther v. Holmgreen*, 738 F.2d 879, 883–85 (7th Cir. 1984), so we see no abuse of discretion in the judge's denial of leave to amend.

We MODIFY the district court's judgment to reflect that those claims of Wade's that are blocked by *Younger* abstention are dismissed without prejudice. We AFFIRM the judgment in all other respects.