NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2020*
Decided September 3, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1273

| | |
|---|---|
| ANTHONY STELMOKAS,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 8262 |
| BANK OF AMERICA, N.A.,<br>*Defendant-Appellee*. | John Z. Lee,<br>*Judge*. |

## O R D E R

Anthony Stelmokas appeals the district court's dismissal of this suit, his second one against Bank of America, in which he seeks damages arising out of funds that the bank withheld from his account. Because the district court correctly ruled that the doctrine of res judicata bars this second suit, we affirm the dismissal.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Both suits arise out of a check-cashing service that Stelmokas offered customers at his tavern in Chicago. Stelmokas would deposit checks from customers into his account with Bank of America and give them the cash equivalent. In March 2013 Stelmokas deposited a cashier's check from Zhibin Wang for about $90,000 and, he alleges, gave Wang the cash over the next two days. Six months later, Bank of America notified Stelmokas that it had placed a hold on his account for the check's value because Wang filed an affidavit of forgery with the issuing bank (Citibank), asserting that he had never received the funds. Stelmokas allegedly twice demanded that Bank of America investigate his account hold, but it never did. Months later, Bank of America closed Stelmokas's account, and he never recovered from the bank the $90,000 that it had held back. Stelmokas's check-cashing operation ended soon after the bank closed his account. Without that service to draw customers, Stelmokas closed his tavern shortly after.

Based on these allegations, Stelmokas filed two lawsuits in attempt to recover damages. First, in 2016, he sued Bank of America (and another defendant) in the Circuit Court of Cook County. *Stelmokas v. Bank of America, N.A.*, No. 2016-L-012746, (Ill. Cir. Ct.) (*Stelmokas I*). Stelmokas invoked a legal theory of negligence: The bank's negligent response to his demands to investigate its hold caused him to lose $90,000, his check-cashing operation, and the tavern. The court granted Bank of America's motion to dismiss the complaint with prejudice as legally deficient or time-barred.

The current suit is his second. Stelmokas filed it in the Circuit Court of Cook County in 2018 against Bank of America and Citibank. *Stelmokas v. Bank of America, N.A.*, No. 2018-L-010610 (Ill. Cir. Ct.) (*Stelmokas II*). As Stelmokas concedes in his opening brief, "the facts are the same" in this suit as in *Stelmokas I*. Only the legal theories differ. In this second suit, Stelmokas abandoned the negligence theory and asserts theories of conversion and breach of contract against Bank of America. Citibank removed the suit to federal court on the basis of diversity jurisdiction, and Stelmokas then voluntarily dismissed Citibank, leaving Bank of America as the sole defendant. The district court granted Bank of America's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). It ruled that *Stelmokas I* ended with a judgment on the merits, both lawsuits named Bank of America as a defendant, and the complaints were "nearly identical." With the three elements of res judicata met, the court dismissed the case with prejudice.

On appeal, Stelmokas argues that the district court improperly dismissed his case. We review de novo dismissals of claims blocked by the defense of res judicata. *Bell*

*v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). Res judicata (also called claim preclusion) is an affirmative defense best addressed under Federal Rule of Civil Procedure 12(c). But the use of Rule 12(b)(6) here "is of no consequence" because the uncontested history of *Stelmokas I* is everything that the district court needed to know to rule on the defense. *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014) (quoting *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010)). Because an Illinois court resolved *Stelmokas I*, "we apply Illinois res judicata principles" to determine whether the district court properly dismissed this suit. *Chi. Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). In Illinois, res judicata bars a claim when "(1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Hudson v. City of Chicago*, 889 N.E.2d 210, 213 (Ill. 2008).

Stelmokas argues only that the second element—an identity of cause of action—is not met because in *Stelmokas I* he raised a legal theory of negligence and in *Stelmokas II* he raised legal theories of conversion and breach of contract. But in Illinois "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998). Here, Stelmokas concedes that the lawsuits arise from the same operative facts. The new legal theories that he raises in this suit cannot defeat the res judicata bar. The purpose of the doctrine is to force a plaintiff to bring in one suit against the same defendant *all* legal theories upon which the same facts may entitle them to relief, thereby not "burdening the courts and litigants with duplicative litigation." *Hudson*, 889 N.E.2d at 222.

Stelmokas also contests the propriety of Citibank's removal to federal court. He contends that the state court had already ruled on Bank of America's motion to dismiss, so removal was improper. Citibank properly alleged diversity so the district court had subject-matter jurisdiction. We need not decide if a state court's consideration of a defense from one defendant (here, Bank of America) disables another defendant (here, Citibank) from seeking removal, because the factual premise is unfounded. As the district court correctly noted, nothing in the state-court record supports Stelmokas's contention that the state court ruled on this motion at all. *See, e.g., Holloway v. Soo Line R.R. Co.*, 916 F.3d 641, 645 (7th Cir. 2019).

AFFIRMED